■ MILTON A. ROZEN et al., Respondents, v. STATE OF NEW YORK, Appellant. (Claim No. 41771.) — *Per Curiam*. Appeal by the State of New York from a judgment of the Court of Claims which awarded claimants direct and consequential damages for the permanent appropriation of real property for highway purposes in the City of Binghamton, Broome County. Upon the argument of the appeal the Attorney-General stated that the direct damage award was not in issue. Claimants acquired the premises affected by the appropriation in September, 1957 at a cost of $78,000 for use in the manufacture and reconditioning of burlap bags and as a warehouse for the storage of glassware. Thereafter improvements were made at a cost of between $50,000 and $60,000. Before the taking the subject property comprised 39,310 square feet and fronted on the west side of Montgomery Street with accessibility to rail transportation. The parcel was improved by a three-story building and other needful structures. The State appropriated 16,475 square feet of vacant land used as a parking lot by claimants' employees and which provided the sole means of access to docks maintained for the loading and unloading of goods and materials transported in automotive trucks. Claimants' expert testified that the value of the property before the taking was $154,000 of which he assigned $25,000 to the value of the land, $1,000 to land improvements and $128,000 to the buildings. After the appropriation he found the total value of the remainder to be $56,500 resulting in damages of $97,500 of which he stated $86,000 were consequential. The State's appraiser valued the entire property before the taking at $105,000 of which he allocated $14,600 to the land, $1,000 to ground improvements and $89,400 to the buildings and structures. He found the value of the land remaining after the appropriation to be $6,800, that of the improvements to be $62,400 and the total damages thus to be $35,800. He ascribed $6,500 to damages directly resulting from the taking and the balance of $29,300 to damages accruing therefrom to the remainder of the property. The trial court found the value of the property before the appropriation to be $133,500 and an after appropriation value of $56,500 representing total damages of $77,000 of which $9,237.50 were awarded for the direct appropriation and $67,762.50 allowed as consequential damages. These evaluations are within the range of the testimony and cannot be viewed as a matter of law to be without warrant

in the record. We find unmeritorious appellant's contention that the trial court's findings failed adequately to demonstrate a proper basis in the evidence for the awards which were made and that it erroneously applied basic principles of measurement. The State's abandonment at the trial of a course of interrogation involving a comparable sale, of whose proposed use claimants had given notice, was clearly voluntary and not the result of coercion by the court. Judgment affirmed, with costs. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.